J-S16026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIM MASON | : | |
| | : | |
| Appellant | : | No. 612 EDA 2019 |

Appeal from the PCRA Order Entered March 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0607982-1979

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 21, 2020**

Kim Mason ("Mason") appeals from the order entered on March 1, 2019, which dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury convicted Mason in June 1980 "on three counts of first-degree murder, two counts of arson endangering property, arson endangering persons, risking catastrophe, causing catastrophe, and criminal conspiracy." PCRA Ct. Op., filed 4/29/19, at 4. The crimes stemmed from Mason and his co-defendants firebombing a rival gang member's residence in 1977, killing one adult and two children. The trial court sentenced Mason to three consecutive life sentences on the charges of first-degree murder, and to an aggregate sentence of 25 to 50 years' incarceration on the remaining charges, to run consecutive to his life sentences.

Mason appealed and this Court affirmed his judgment of sentence on November 5, 1986. *Commonwealth v. Mason*, 518 A.2d 282, 292 (Pa.Super. 1986). In the same opinion, this Court vacated the judgments of sentence for two of Mason's co-defendants, Darryl Lamar and Mack Smith, and remanded their cases for new trials. *Id.* Mason did not seek further review in the Pennsylvania Supreme Court.

Mason filed his first PCRA petition on March 4, 1993, in which he alleged ineffectiveness of trial counsel. The PCRA court dismissed the petition and this Court affirmed. The Pennsylvania Supreme Court denied allowance of appeal in September 1998.

On December 12, 2014, Mason filed the instant PCRA petition. Six days later, Mason filed a *pro se* amended PCRA petition. The PCRA court appointed counsel and he filed a *Turner/Finley*[1] letter and a motion to withdraw as counsel. The PCRA court sent Mason a Pa.R.Crim.P. 907 notice of intent to dismiss his petition and Mason filed a response. PCRA counsel filed an amended PCRA petition alleging that newly-discovered facts excused Mason from the PCRA's time bar. The court sent Mason a second Rule 907 notice of intent to dismiss, and ultimately dismissed his petition as untimely. This timely appeal followed.

Mason raises one issue for our review: "Did the PCRA court err in dismissing [Mason's] PCRA [p]etition without a hearing because [Mason]

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

presented newly-discovered evidence which exonerates [him]?" Mason's Br. at 4.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Beatty***, 207 A.3d 957, 960-61 (Pa.Super. 2019) (citation omitted). "We afford the court's factual findings deference unless there is no support for them in the certified record." ***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa.Super. 2019) (citation omitted).

It is well-established that "[u]nder the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final." ***Id.*** (citation omitted). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's time limit is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Greco***, 203 A.3d at 1124 (citation omitted). Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise the claim within 60 days that the claim could have been raised. *Id.* at § 9545(b)(2).[2]

Instantly, it is undisputed that Mason's PCRA petition is patently untimely. Therefore, Mason was required to plead and prove at least one of the time bar exceptions. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Mason attempts to assert the newly-discovered fact exception, pursuant to section 9545(b)(1)(ii). Mason contends that in November 2014, he learned from a fellow prisoner that his co-defendant Darryl Lamar was acquitted of murder at his second trial, which "stemmed from [three] eyewitnesses['] . . . refusal to testify at the second trial of Darryl Lamar." Mason's Br. at 14. Mason argues that he was "never informed of the recantation and refusal to testify at the second trial of Darryl Lamar by [these three witnesses] and "[w]ithout these individuals' testimony, there was scant testimony against [Mason]." *Id.*

---

[2] Section 9545(b)(2) was amended to reflect that a petitioner has one year rather than the prior deadline of 60 days to raise their claim. This amendment became effective on December 24, 2018 but only applies to claims arising on December 24, 2017 or after. Thus, the amendment does not apply here.

at 16. He claims that he did not know these "facts" before 2014 and that could not have known because "he does not have access to trial transcripts from other individuals' trials." *Id.* Mason concludes that the "PCRA court erred in dismissing [his] PCRA [p]etition without a hearing because it was not possible to determine diligence and the credibility of the newly-discovered evidence without an evidentiary hearing." *Id.* at 9.

Mason further argues that a *Brady*[3] violation occurred when the Commonwealth allegedly failed to inform him that the Commonwealth's cooperating witnesses' agreement "fell through." Mason's Br. at 17. Mason maintains that "[w]ithout these cooperators' testimony, the outcome of the trial would have been different in that there was scant, if any, evidence against [him]." *Id.* According to Mason, "[t]he failure to convey this information fully to [him] prior to and subsequent to trial is also indicative of government interference on the part of the Office of the District Attorney of Philadelphia to continue to deprive [him] of Due Process and to allow [him] access to exculpatory information to which he is entitled." *Id.*

In order to succeed in raising the newly-discovered fact exception, a petitioner must establish that: (1) "the facts upon which the claim is predicated were unknown," and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances

_____

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

presented." ***Commonwealth v. Burton***, 121 A.3d 1063, 1070 (Pa.Super. 2015) (*en banc*) (footnote omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015) (citation omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." ***Id.*** (citations omitted). Further, "[t]he focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (internal quotation marks, citation, brackets and emphasis omitted).

Here, this Court affirmed Mason's judgment of sentence and vacated Lamar's judgment of sentence in 1986. ***Mason***, 518 A.2d at 292. Therefore, as early as 1986, Mason knew that Lamar was going to get a new trial and in 1988 Lamar was re-tried and found not guilty. Mason admits that Lamar's not-guilty verdict is a matter of public record. Mason's Br. at 14. Mason fails to explain why he was unable to determine the events of Lamar's re-trial for the next 26 years. His petition is devoid of any facts that he exercised due diligence in discovering this information prior to November 2014.

Furthermore, the witnesses' recantations are not "facts" for purposes of the new facts exception. Rather, Mason knew all along what he believed the relevant facts to be, and these witnesses' change in testimony at most amounts to a new source of evidence of "facts" he already would have known. Accordingly, Mason has failed to demonstrate that "the facts upon which the

claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

Mason's **Brady** claim is also without merit. In order to prove a **Brady** violation, "a defendant is required to demonstrate: (1) evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." **Commonwealth v. Dennis**, 17 A.3d 297, 308 (Pa. 2011) (citations omitted). Prejudice occurs in the **Brady** context if "the evidence suppressed [is] material to guilt or punishment." **Commonwealth v. Gibson**, 951 A.2d 1110, 1126 (Pa. 2008) (citations omitted). Further,

> [t]he burden rests with the appellant to prove, by reference to the record, that evidence was withheld or suppressed by the prosecution. The evidence at issue must have been material evidence that deprived the defendant of a fair trial. Favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

**Commonwealth v. Roney**, 79 A.3d 595, 607 (Pa. 2013) (quotation marks and citations omitted).

Mason claims that the "**Brady** issue is also newly-discovered in that [he] did not know that the Commonwealth's cooperators' agreements fell through and the full bases of that cooperation as well as the full criminal culpability of the cooperators." Mason's Br. at 17. Again, Mason has not explained how he

exercised any diligence in discovering this information. ***See Roney***, 79 A.3d at 608 (stating "***Brady*** is not violated when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from other sources"). Moreover, Mason has failed to show that the Commonwealth withheld this information or that the information was material evidence that deprived him of a fair trial. Mason's bald assertion that the outcome of his trial would be different without these witnesses' testimony is mere speculation and does not constitute a ***Brady*** violation. Finally, to the extent Mason is attempting to assert the governmental-interference exception to the PCRA time bar, the claim fails for these same reasons. We thus affirm the dismissal of his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/20